## WILLIAMS et al. v. SCHMITT et al.
## No. H–156.

### District Court, D. Nevada.
### May 20, 1936.

Forman & Forman, of Reno, Nev., for plaintiffs.

Platt & Sinai, N. J. Barry, and Roy W. Stoddard, all of Reno, Nev., for defendants.

NORCROSS, District Judge.

Among other allegations, it is alleged in the complaint that plaintiffs are grandchildren of Warren W. Williams who died testate at Fallon, Nev., January 27, 1914; that the will of said decedent was duly admitted to probate February 24, 1914; that by the terms of said will it was provided that the estate of decedent shall be closed up within five years from decedent's death, and the property distributed to the heirs in the will named and to the guardians, and the remainder to the trustees; that the will contained the following provisions respecting plaintiffs: "Eleventh: I hereby give and bequeath unto the trustees of my estate the sum of Ten Thousand Dollars ($10,000) this Ten Thousand Dollars shall be deducted from the undivided one-fourth interest of the share in my estate of my son John P. Williams, of Alpine, Churchill County, Nevada; that the trustees of my estate shall invest this Ten Thousand Dollars for the benefit and use, share and share alike, of Warren W. Williams, Jr., and Vivian Williams, children of John P. Williams; that the income from this sum of money shall be paid by the trustees of my estate to these two (2) children share and share alike, annually until they are twenty-one (21) years of age, and that when these two (2) children reach the age of twenty-one years that the sum of Five Thousand Dollars ($5,000) shall be paid to each of them."

The complaint further alleges that plaintiffs were born respectively on July 9, 1910, and August 20, 1913; that on December 30, 1916, a corporation named Williams Estate Company was organized under the laws of Nevada, with period of duration unlimited; that the executors of said will duly presented a petition for order and decree of distribution showing cash on hand in the sum of $36,691.01, together with lands and other personal property; that the final decree of distribution entered March 16, 1917, contained the following provisions:

"That said * * * trustees under the last will * * * are entitled to have distributed to them the sum of Ten Thousand ($10,000) Dollars * * * the income of which is to be paid to Warren W. Williams, Jr., and Vivian Williams, * * * in accordance with the provisions of said will and to dispose of said sum of money in accordance with the terms of said will.

"That for the best interests of all persons interested in said estate * * * a corporation called 'Williams Estate Company', was on the 30th day of December, 1916, duly organized * * * with an authorized capital of $1,000,000.00 * * *; that said corporation was

formed for the purpose of taking over, owning and holding all of the property of the said estate * * *; that a fair value of all of the property * * * is $380,200.00 * * *.

"That it is necessary before said estate can be completely administered and closed that the said trustees provide out of said estate securities in the sum of Ten Thousand ($10,000) Dollars, to be held by said trustees for the use and benefit of said Rose Williams Erb, and Five Thousand ($5,000) Dollars for the use and benefit of said Louise Erb, and Ten Thousand ($10,-000) Dollars, out of the one-fourth interest of said John P. Williams, for the use and benefit of said Warren W. Williams, Jr., and said Vivian Williams, all as provided in said will of said Warren W. Williams, deceased. There are not sufficient securities owned by said estate to comply with the terms of said will relative to said trust funds and there is not sufficient money on hand over and above the moneys necessary to carry on the business of said estate and pay the costs of closing said estate to purchase said securities without a sale of some of the property of said estate; that a sale of the property of said estate to obtain money sufficient to establish said trust funds cannot be made without injury to said estate and to the interests of the persons interested therein, and it would therefore be highly advantageous and beneficial to the estate and to all parties interested in the same that * * * shares of the capital stock of said Williams Estate Company * * * and 100 shares to be issued to said trustees to be held by them in trust for the use and benefit of Warren W. Williams, Jr., and Vivian Williams, in accordance with the terms of said will * * *."

The portion of the decree as it directly applies to distribution of the interests of plaintiffs under the will reads: "* * * to * * * as trustees, 100 shares of the capital stock * * * upon the following terms and trusts, to-wit: For the benefit and use, share and share alike of Warren W. Williams, Jr., and Vivian Williams, children of John P. Williams, to collect all interest, dividends and profits therefrom and to pay the same to the legal guardian or guardians of the said Warren W. Williams, Jr., and Vivian Williams, share and share alike, annually, until they are twenty-one (21) years of age, and when the said children have reached the age of twenty-one (21) years, the said shares of stock shall be sold and the sum of Five Thousand ($5,000) Dollars shall be paid to the said Warren W. Williams, Jr., and the sum of Five Thousand ($5,000) Dollars shall be paid to the said Vivian Williams."

The complaint further alleges that said Williams Estate Company at various times, by mortgages and by conveyances in the nature of deeds of trust, attempted to create liens in favor of said banks without deducting therefrom the $10,000 to be held in trust for plaintiffs; that said banks took their conveyances with full knowledge and notice of the rights of plaintiffs under said will; that on April 14, 1919, John P. Williams was appointed guardian of the person and estate of plaintiffs, and duly qualified as such; that no payment whatever has been made to plaintiffs on account of said bequest of $10,000, and no interest paid thereon since January 1, 1930; that defendant Williams Estate Company is insolvent.

The prayer for relief is that plaintiffs have judgment for the sum of $10,000 with interest from January 1, 1930, and that the same be adjudged and decreed to have been at all times since the death of Warren Williams a lien upon a portion of said estate prior in time and superior in right to any and all claims and liens of defendants, and that plaintiffs' said lien be foreclosed.

A number of serious legal questions have been discussed in elaborate briefs filed by the respective parties. The contention is urged upon the part of plaintiffs that they are not bound by the decree of distribution as entered, in that it was not in accord with the will of decedent, and in that they were not represented at the hearing upon petition for distribution by guardian or guardian ad litem. The law is well settled that strict accountability is required in matters of trust estates. But one case is cited, and that on behalf of plaintiffs, dealing with a state of facts at all similar to those alleged in the complaint. The case of Garesche v. Levering Investment Co., 146 Mo. 436, 48 S.W. 653, 46 L.R.A. 232. From the lengthy opinion rendered in that case we quote the following brief excerpt: "The truth is that the case lies in a small compass. The fact that it is the first instance where executors or trustees under a will, with power to sell and reinvest, have ever attempted to incorporate the estate without the consent of the cestuis que trustent, is, in itself, persuasive that until now no such

power was ever thought by the profession to be possessed by such trustees. The law has long been regarded as settled that it is the duty of trustees to collect and preserve intact the trust property, and that they have no power to change the character of the trust property, unless it is of a perishable or transitory nature, and then only to convert it into a substantial, enduring, and revenue producing investment."

The question we think is presented upon the face of the complaint not only as to whether the form of decree of distribution is binding upon plaintiffs, but as to whether the investment of trust funds of plaintiffs comes within the strict rules governing in such matters. 65 C.J. 799, 804. Assuming, as we must upon a motion to dismiss, the allegations of the complaint to be true, we think it cannot be said that the complaint fails to state a cause of action. The serious questions here presented should and must be determined upon a full hearing upon answers filed.

Defendants' motions to dismiss are denied. Defendants are allowed twenty days to answer.